**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **NICHOLE THOMAS, individually and on behalf of all others similarly situated**<br><br>  Plaintiff,<br><br>versus<br><br>**J4H, L.L.C., JUST 4 HIM ZACHARY, L.L.C., JUST 4 HIM PRAIRIEVILLE, L.L.C., JUST 4 HIM BRUSLY LLC, JUST 4 HIM BREAUX BRIDGE, LLC, JUST 4 HIM COURSEY LLC, JUST 4 HIM CENTRAL LLC, JUST 4 HIM MADISONVILLE LLC, JUST 4 HIM COVINGTON LLC, JUST 4 HIM DIAMONDHEAD LLC, JUST 4 HIM HAMMOND LLC, JUST 4 HIM GONZALES, LLC, JUST 4 HIM DENHAM SPRINGS LLC, JUST 4 HIM BURBANK, LLC, JUST 4 HIM GRETNA LLC, JUST 4 HIM WALKER LLC, AND DEAN RIVERE**<br><br>  Defendants. | **CASE NO. 3:23-cv-387**<br><br>**COLLECTIVE ACTION** |

**ORIGINAL COMPLAINT**

Plaintiff, Nichole Thomas, by and through undersigned counsel, on behalf of herself and all others similarly situated, brings this Complaint against Defendants, J4H, L.L.C., Just 4 Him Zachary, L.L.C., Just 4 Him Prairieville, L.L.C., Just 4 Him Brusly LLC, Just 4 Him Breaux Bridge, LLC, Just 4 Him Coursey LLC, Just 4 Him Central LLC, Just 4 Him Madisonville LLC, Just 4 Him Covington LLC, Just 4 Him Diamondhead LLC, Just 4 Him Hammond LLC, Just 4 Him Gonzales, LLC, Just 4 Him Denham Springs LLC, Just 4 Him Burbank, LLC, Just 4 Him

1

Gretna LLC, Just 4 Him Walker LLC, and Dean Rivere, and in support of her claim, states as follows:

## SUMMARY

1. Defendants, J4H, L.L.C., Just 4 Him Zachary, L.L.C., Just 4 Him Prairieville, L.L.C., Just 4 Him Brusly LLC, Just 4 Him Breaux Bridge, LLC, Just 4 Him Coursey LLC, Just 4 Him Central LLC, Just 4 Him Madisonville LLC, Just 4 Him Covington LLC, Just 4 Him Diamondhead LLC, Just 4 Him Hammond LLC, Just 4 Him Gonzales, LLC, Just 4 Him Denham Springs LLC, Just 4 Him Burbank, LLC, Just 4 Him Gretna LLC, Just 4 Him Walker LLC (hereinafter collectively referred to as "Just 4 Him"), and Dean Rivere (collectively referred to herein as "Defendants"), employ barbers/hair stylists, store managers, and/or area managers, and pay them a regular hourly rate for all hours worked, including hours worked over forty (40) in a workweek. Defendants misclassify their direct employees as "independent contractors."

2. Although these workers regularly work more than forty (40) hours in a workweek, Defendants do not pay them overtime.

3. Defendants' policy of paying these employees straight-time for all hours worked with no overtime pay violates the Fair Labor Standards Act ("FLSA").

4. This collective action seeks to recover the unpaid wages, liquidated damages, and other damages owed to these workers, together with attorneys' fees, interest, and costs of these proceedings.

## JURISDICTION & VENUE

5. This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendants conduct substantial business in this District, sending Plaintiff and FLSA Collective members to perform work in this District while subjecting them to Defendants' improper and illegal payroll practices.

**PARTIES**

7. Nichole Thomas ("Thomas") was employed by Defendants as a barber/hair stylist from approximately September 2015 to May 2020, and as a manager/barber/hair stylist from approximately April 2016 to June 2019.

8. Thomas's written consent to join this action is attached. (Exhibit "A").

9. Defendant, Dean Rivere ("Rivere"), is a major, individual domiciled in Louisiana, who may be served at 1123 St. Vincent Rd., Napoleonville, LA 70390.

10. The remaining Defendants are each Louisiana limited liability companies doing business in the State of Louisiana.

11. Defendants, Just 4 Him Zachary, L.L.C., Just 4 Him Prairieville, L.L.C., Just 4 Him Brusly LLC, Just 4 Him Breaux Bridge, LLC, Just 4 Him Coursey LLC, Just 4 Him Central LLC, Just 4 Him Gonzales, LLC, Just 4 Him Burbank, LLC, and Just 4 Him Walker LLC, may be served through their registered agent, Dean Rivere, 1123 St. Vincent Rd., Napoleonville, Louisiana 70490.

12. Defendants, J4H, L.L.C., Just 4 Him Madisonville LLC, Just 4 Him Covington LLC, Just 4 Him Diamondhead LLC, Just 4 Him Hammond LLC, Just 4 Him Denham Springs LLC, and Just 4 Him Gretna LLC, may be served through their registered agent, James Cantrelle II, 405 Westside Blvd., Suite 34A, Houma, Louisiana 70364.

13. Together, Defendants have employed Plaintiff and all other similarly situated employees at all relevant times as a single enterprise.

14. Defendant Rivere is the owner and operator of the Just 4 Men entities named herein ("Just 4 Men").

15. At all relevant times, Rivere is and has been an "employer" of Plaintiff and the FLSA Collective members as that term is defined by the FLSA.

16. At all relevant times, Rivere has been actively involved in managing the operations of Just 4 Men.

17. At all relevant times, Rivere has had control over Just 4 Men's pay policies.

18. At all relevant times, Rivere has had control over Just 4 Men's personnel and payroll decisions.

19. At all relevant times, Rivere has had the power to stop any illegal pay practices that harmed Plaintiff and the FLSA Collective members.

20. At all relevant times, Rivere has had the power to transfer the assets and liabilities of Just 4 Men.

21. At all relevant times, Rivere has had the power to declare bankruptcy on behalf of Just 4 Men.

22. At all times relevant, Rivere has had the power to enter into contracts on behalf of Just 4 Men.

23. At all relevant times, Rivere has had the power to close, shut down, and/or sell Just 4 Men.

**FACTS**

24. Plaintiff and similarly situated employees work or worked for Defendants as barbers/hair stylists, store managers, and/or area managers during the applicable statutory period.

25. Plaintiff and similarly situated employees perform work as barbers/hair stylists, store managers, and/or area managers at Defendants' men's hair salons.

26. Just 4 Men provides barber, hair care and grooming services to men.[1]

27. At all relevant times, Just 4 Men has been and continues to be an enterprise engaged in the "production of goods for commerce" within the meaning of the phrase as used in the FLSA.

28. Defendants' employees routinely handle goods or materials (such as hair products, shampoos and equipment used in performing cosmetology/barber services) that have moved in, or were produced for, interstate commerce.

29. Upon information and belief, in each of the past three (3) years, Defendants' gross revenue has exceeded $500,000.

30. Over the past three (3) years, Defendants employed hundreds of individuals, including Thomas, as barbers/hair stylists, store managers and/or area managers.

31. Thomas and the other similarly situated employees were "classified" by Defendants as Independent Contractors, and were required to execute purported Independent Contractor Agreements.

32. In actuality, Thomas and the other similarly situated employees were "employees" of Defendants.

---

[1] About Us | My Site 1 (just4himhaircuts.com) (last visited May 18, 2023).

33. Thomas and the other similarly situated employees do not meet the standards of LSA-R.S. 37:592, which outlines the requirements of an independent contractor versus an employee of a salon.

34. Defendants provided Thomas and the other similarly situated employees with an Operating Manual that contained work procedures, which refers to "managers" and "boss."

35. The work schedules of Thomas and the other similarly situated employees were set by Managers, and Thomas and the other similarly situated employees had no input over their work schedules.

36. Thomas and other similarly situated employees were provided Operating Manuals and were required to adhere to those policies and procedures.

37. Thomas and the other similarly situated employees were required to punch in and out on a time clock.

38. Thomas and the other similarly situated employees were disciplined and written up for tardiness or other infractions.

39. Thomas was employed a "Manager" at times, and performed evaluations on other employees.

40. Thomas and the other similarly situated employees earned paid vacation time.

41. Thomas and the other similarly situated employees followed a set holiday schedule.

42. Defendants set "black out" dates where Thomas and the other similarly situated employees were not allowed to take "vacation" time.

43. Thomas and the other similarly situated employees received unemployment compensation during Covid.

44. Defendants routinely suffered and permitted Thomas and the other similarly situated employees to work over forty (40) hours in a workweek.

45. Defendants have a common policy of not paying Plaintiff and the other similarly situated employees at a rate of one and one-half (1.5) times their regular pay for the overtime hours they worked as required by the FLSA.

46. Defendants paid Plaintiff and similarly situated employees their regular hourly rate for all hours worked, rather than paying one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) in a workweek.

47. For example, Plaintiff and similarly situated employees working as barbers/hair stylists were regularly required to work 50 hours per week (10 hour days, 5 days per week), yet they were not paid any overtime.

48. Store Managers and Area Managers were required to travel, attend manager meetings, visit schools, and other tasks for which they were not paid overtime or for which they were not compensated at all.

49. Defendants willfully operated under a common scheme to deprive Plaintiff and similarly situated employees of overtime compensation by not paying them overtime for all hours worked in excess of forty (40) in a workweek.

50. Instead, Defendants paid all hours over 40 in a workweek at Plaintiffs and similarly situated employees' regular straight time rate.

51. Defendants' barbers, hair stylists, store managers and area manager employees are non-exempt employees under the FLSA.

52. Defendants were aware, or should have been aware, that the barbers, hair stylists, store managers and area manager employees were non-exempt employees under the FLSA.

53. Defendants were aware that Plaintiff and the similarly situated employees worked overtime because Defendants kept track of their time by having Plaintiff and the similarly situated employees clock-in and clock-out using a punch clock at Defendants' various premises.

54. Defendants were aware, or should have been aware, that their failure to pay overtime for all hours worked over forty (40) in a workweek violated the FLSA.

55. Nonetheless, Defendants did not (and do not) pay Plaintiff and similarly situated employees overtime for hours worked in excess of forty (40) in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

56. Thomas brings this claim under Section 216(b) of the FLSA as a collective action.

57. The same policy that caused Thomas to be denied her overtime pay caused Defendants' other general laborers to be denied their overtime pay.

58. While the precise job duties performed by the FLSA Collective members might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

59. Nor do any differences in job duties matter for determining whether Defendants' policy of not paying barbers/hair stylists, store managers and/or area managers overtime is legal.

60. The members of the FLSA Collective are all entitled to overtime for all hours worked over forty (40) in a workweek consistent with the overtime requirements of the FLSA.

61. Because Defendants uniformly failed to pay overtime to all general laborers, Thomas and the FLSA Collective members are similarly situated within the meaning of 29 U.S.C. § 216(b).

62. Upon information and belief, Defendants employed numerous employees like Thomas during the past three (3) years.

63. Nearly all of the questions related to Thomas and the FLSA Collective can be answered on a collective basis.

64. Defendants' practice of paying regular hourly rates for all hours worked and not paying members of the FLSA Collective overtime, is based on established companywide policies.

65. Defendants' payroll and time-keeping records would permit accurate calculation of damages with respect to each member of the FLSA Collective.

66. The most important questions presented in this case can be resolved on a collective-wide basis.

67. Absent a collective action, many members of the FLSA Collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of its violations of the FLSA.

68. Furthermore, individual litigation would be unduly burdensome to the judicial system.

69. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

**COLLECTIVE DEFINITION**

70. Plaintiff brings this lawsuit pursuant to Section 216(b) of the FLSA as a collective action on behalf of:

> All individuals who worked for the following Just 4 Men entities: J4H, L.L.C., Just 4 Him Zachary, L.L.C., Just 4 Him Prairieville, L.L.C., Just 4 Him Brusly LLC, Just 4 Him Breaux Bridge, LLC, Just 4 Him Coursey LLC, Just 4 Him Central LLC, Just 4 Him Madisonville LLC, Just 4 Him Covington LLC, Just 4 Him Diamondhead LLC, Just 4 Him Hammond LLC, Just 4 Him

Gonzales, LLC, Just 4 Him Denham Springs LLC, Just 4 Him Burbank, LLC, Just 4 Him Gretna LLC, Just 4 Him Walker LLC, and/or Dean Rivere as barbers, hair stylists, store managers and/or area managers, and any employees who were paid on an hourly or day-rate basis at any time within the last three (3) years and worked over forty (40) hours in a workweek and were not paid overtime.

## VIOLATION OF THE FLSA

71. Plaintiff incorporates the proceeding paragraphs by reference.

72. At all relevant times, Defendants have been employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

73. Defendants employed Thomas and each member of the FLSA Collective.

74. Defendants' pay policies denied Thomas and the FLSA Collective overtime compensation as required by the FLSA.

75. Defendants' failure to pay Thomas and the FLSA Collective overtime at rates not less than one and one-half times their regular rates violates 29 U.S.C. § 207.

76. Defendants' conduct, as described herein, was in willful violation of the FLSA.

77. Due to Defendants' FLSA violations, Thomas and the FLSA Collective are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs and expenses of this action.

## PRAYER

**WHEREFORE**, Nichole Thomas prays for relief as follows:

1. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective to permit them to join this action by filing a written notice of consent;

2. Judgment against Defendants, J4H, L.L.C., Just 4 Him Zachary, L.L.C., Just 4 Him Prairieville, L.L.C., Just 4 Him Brusly LLC, Just 4 Him Breaux Bridge, LLC, Just 4 Him

10

Coursey LLC, Just 4 Him Central LLC, Just 4 Him Madisonville LLC, Just 4 Him Covington LLC, Just 4 Him Diamondhead LLC, Just 4 Him Hammond LLC, Just 4 Him Gonzales, LLC, Just 4 Him Denham Springs LLC, Just 4 Him Burbank, LLC, Just 4 Him Gretna LLC, Just 4 Him Walker LLC, and Dean Rivere, awarding Plaintiff and the other FLSA Collective members all unpaid overtime compensation, liquidated damages, attorneys' fees, costs and expenses under the FLSA;

3. Pre- and post-judgment interest at the highest rate allowable by law; and

4. All such other and further relief to which Plaintiff and the other FLSA Collective members may show themselves to be justly entitled.

### JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully

*/s/ A. Todd Caruso*
A. Todd Caruso (LA Bar No. 24993)
Todd Caruso, Attorney at Law, LLC
233 Capitol Street
Denham Springs, LA 70726
Phone: (225) 271-4941
Facsimile: (225) 271-4961
Email: todd@carusolawllc.com